**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOSEPH E. LINDENFELSER,

        Plaintiff,

      v.                               Case No. C-1-02-167

CHASE INDUSTRIES, INC.,

        Defendant.


## ORDER

    This matter is before the Court upon defendant's motion for summary judgment (doc. 16), plaintiff's opposing memorandum (doc. 19), and defendant's reply (doc. 23).

### I. Procedural and factual background

    Plaintiff Joseph Lindenfelser brings this action against his former employer, Chase Industries, Inc. (Chase). Plaintiff brings claims under Ohio law for breach of contract and violation of Ohio public policy and claims of age discrimination under Ohio law and the Age Discrimination in Employment Act (ADEA). Plaintiff alleges the following facts in support of his claims.

    Plaintiff was born on April 2, 1942. He began his employment with defendant on March 22, 1986, as a commission sales representative. In November 1997, plaintiff and defendant entered into a written employment Agreement (Agreement) which contained terms and conditions

1

of plaintiff's employment, including his sales territories and markets. A term and condition of the Agreement was that the Agreement could not be modified or amended without the written consent of both plaintiff and defendant.

Defendant breached the Agreement by unilaterally modifying it and reducing plaintiff's sales territories, markets, and individual accounts without plaintiff's oral or written consent. Plaintiff protested the unilateral modification of the Agreement but defendant continued to reduce plaintiff's territories, markets and accounts, resulting in a substantial reduction of plaintiff's income. As defendant would unilaterally reduce plaintiff's assigned territories, markets and individual accounts, defendant would replace plaintiff in these areas with sales representatives who were substantially younger than plaintiff. On September 12, 2001, when conditions of his employment became intolerable and any reasonable person would have felt compelled to resign, plaintiff gave notice of his intention to resign his employment and terminate the Agreement effective October 12, 2001. Plaintiff remained employed by defendant until that date. Defendant has failed to pay plaintiff all compensation and commissions due him.

Plaintiff alleges that defendant breached the Agreement by unilaterally modifying the Agreement and reducing plaintiff's territories, markets and individual accounts without plaintiff's written consent and failing to pay plaintiff all earned commissions and compensation due him. Plaintiff further alleges that defendant discriminated against him on the basis of his age. Plaintiff asserts that he was over the age of forty, qualified for his position, treated differently than similarly-situated younger employees and chosen for termination over less qualified, younger employees on account of his age, and plaintiff's termination permitted the retention of younger, less qualified employees. Finally, plaintiff alleges that defendant's actions constitute a violation

2

of Ohio public policy.

## II. Motion for summary judgment

Defendant moves for summary judgment on all claims against it on the grounds that (1) plaintiff's breach of contract claim fails as a matter of law because the alleged breach, i.e., the reduction of plaintiff's territories, markets and individual accounts, was immaterial, plaintiff waived his right to performance of the portion of the Agreement specifying plaintiff's territories, markets and individual accounts by ratifying the change, and plaintiff is unable to prove that he is owed any unpaid commissions; (2) plaintiff cannot prove a prima facie case of age discrimination because he cannot show that he suffered an adverse employment action, and specifically a constructive discharge, and plaintiff cannot prove that similarly-situated younger employees were treated more favorably than he was; and (3) plaintiff cannot establish pretext.

## III. Summary Judgment Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action.  This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)).  The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).

3

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. ***Anderson***, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. ***Id.*** at 249 (citing ***Cities Serv.***, 391 U.S. at 288-289). If the evidence is merely colorable, ***Dombrowski v. Eastland,*** 387 U.S. 82, 84 (1967), or is not significantly probative, ***Cities Serv.***, 391 U.S. at 290, judgment may be granted. ***Anderson***, 477 U.S. at 249.

### IV. Opinion

Defendant has not filed proposed findings of fact and conclusions of law as required by the Court's Order of July 15, 2002 (doc. 6). Accordingly, the Court has relied on the parties' briefs to ascertain whether there are disputed facts which are material to plaintiff's claims.

### A. Breach of contract claim

Plaintiff claims that defendant breached the parties' Agreement by unilaterally reducing plaintiff's territories and accounts. To prove a breach of contract under Ohio law, plaintiff must establish the existence of a contract, performance by the plaintiff, breach by the defendant, and damage to the plaintiff. ***Doner v. Snapp,*** 98 Ohio App.3d 597, 600, 649 N.E.2d 42, 44 (1994). Subject to certain exceptions, the right to full performance of contractual obligations by one party to a contract may be waived by the other party so as to excuse nonperformance by the first party. 13 Williston, Contracts § 39:14 (4th ed.). A waiver may be established as a matter of law only when the party charged with the waiver has expressly declared a waiver or has engaged in conduct "so inconsistent with a purpose to stand upon the contractual right allegedly waived as to leave no possibility of any reasonable inference to the contrary." ***Id***. at § 39:21. Ordinarily, however, whether or not a party has waived performance is a matter of intent and a question of

4

fact for the trier-of-fact. *Id.* Where the underlying facts are not in dispute and permit only one inference, the issue may be determined as a matter of law. *Id.*

The facts underlying the issues of whether defendant materially breached the parties' Agreement and whether plaintiff waived his right to defendant's performance of the portion of the contract specifying the territories assigned to him are disputed. It is for the trier-of-fact to resolve the factual issues and determine whether a breach of contract and waiver of full performance occurred. Accordingly, defendant is not entitled to summary judgment on plaintiff's breach of contract claim.

### B. Age discrimination/public policy claims

Under the law of this Circuit, the same evidentiary framework applies to discrimination claims brought under Title VII, the ADEA, and state law. ***Allen v. Ethicon, Inc.,*** 919 F. Supp. 1093, 1098 (S.D. Ohio 1996)(Weber, J.)(citing ***Mitchell v. Toledo Hospital,*** 964 F.2d 577, 582 (6th Cir. 1992). A plaintiff claiming age discrimination under these statutes may establish a prima facie case by introducing either direct or circumstantial evidence that the defendant discharged the plaintiff because of his age. ***McDonnell Douglas Corp v. Green,*** 411 U.S. 792, 802 (1973); ***Manzer v. Diamond Shamrock Chemicals Co.,*** 29 F.3d 1078, 1081 (6th Cir. 1994). Plaintiff may establish a prima facie case of age discrimination through circumstantial evidence by showing that: 1) he is a member of a protected class; 2) he suffered an adverse employment action; 3) he was qualified for the position lost or not gained; and 4) his position was filled by someone outside of the protected class. ***Manzer,*** 29 F.3d at 1081 (citing ***McDonnell Douglas,*** 411 U.S. at 802; ***Gagne v. Northwestern National Insurance Co.,*** 881 F.2d 309, 313 (6th Cir. 1989)).

Plaintiff can establish the fourth prong of a prima facie case of age discrimination by

showing that he was replaced by a substantially younger individual, even if that individual is within the protected class. *O'Connor v. Consolidated Coin Caterers Corporation,* 517 U.S. 308, 313 (1996); see also *Manzer,* 29 F.3d at 1081 n. 2. The Sixth Circuit has established a bright-line rule that in the absence of direct evidence that the employer considered age to be significant, an age difference of six years or less between an employee and a replacement is not significant. *Grosjean v. First Energy Corp.,* 349 F.3d 332, 340 (6th Cir. 2003).

Plaintiff may also establish the fourth prong of a prima facie case of age discrimination by showing that he was treated less favorably than a substantially younger, similarly situated employee. *Clayton v. Meijer, Inc.,* 281 F.3d 605, 610 (6th Cir. 2002).  In such a case, plaintiff must prove that all relevant aspects of his employment situation were similar to those of the employee with whom he seeks to compare himself. *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 352 (6th Cir. 1998).

An adverse employment action may take the form of a constructive discharge. To establish a constructive discharge from employment, plaintiff must show that "working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876, 887 (6th Cir. 1996).

The employer is entitled to summary judgment if the plaintiff does not establish a prima facie case. *Mitchell,* 964 F.2d at 584. If the plaintiff establishes a prima facie case, the employer can overcome the prima facie case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas,* 411 U.S. at 802. If the employer carries its burden, the plaintiff must prove by a preponderance of the legal evidence that the reasons offered

by the employer were not its true reasons, but were a pretext for discrimination. ***Texas Dept. of Community Affairs v. Burdine,*** 450 U.S. 248, 253 (1981). In age discrimination cases, plaintiff has the ultimate burden of proving that age was a determining factor in the adverse employment decision. ***Chappell v. GTE Products Corp.,*** 803 F.2d 261, 265 (6th Cir. 1986).

Although the Court should refrain from probing an employer's business judgment, business judgment is not an absolute defense to unlawful discrimination. ***Wexler v. White's Furniture, Inc.***, 317 F.3d 564, 576 (6th Cir. 2003)(citing ***E.E.O.C. v. Yenkin-Majestic Paint Corp.,*** 112 F.3d 831, 835 (6th Cir.1997)). "[T]he reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation." ***Id.***

Upon a careful review of the record, the Court finds that there are genuine issues of fact which preclude granting summary judgment in favor of defendant on plaintiff's age discrimination claims. Plaintiff has come forward with sufficient evidence to establish a prima facie case of discrimination. It is undisputed that plaintiff was a member of the protected class at the time his employment terminated and he was qualified for his position. There are disputed issues of fact underlying the determination of whether plaintiff suffered an adverse employment action and whether plaintiff was treated less favorably than similarly-situated younger individuals. Accordingly, defendant is not entitled to summary judgment on the ground that plaintiff has failed to come forward with sufficient evidence to establish a prima facie case.

Defendant has offered legitimate, nondiscriminatory reasons for the actions it took with respect to plaintiff's employment. Plaintiff has come forward with evidence which raises an issue as to whether the reasons offered by defendant are pretextual. Accordingly, summary judgment on

7

plaintiff's age discrimination claims is not appropriate.

In light of the Court's determination that there are unresolved issues of fact underlying plaintiff's age discrimination claims, summary judgment on plaintiff's public policy claim is not warranted. The Court cautions that plaintiff may not obtain a double recovery on his age discrimination claims under Ohio and federal law and he may be required to elect the law under which he desires to proceed.

### V. Conclusion

Defendant's motion for summary judgment is **DENIED.** The case will proceed to trial in accordance with the schedule issued by the Court.

**IT IS SO ORDERED.**


S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT


J:\HJWA\02-167kagedscrmsj.wpd

8